## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## WESTERN DIVISION

|                          |   |                          |
|--------------------------|---|--------------------------|
| In re:                   | ) |                          |
|                          | ) | Chapter 7                |
| GAIL DUPUIS,             | ) | Case No. 12-30380-HJB    |
|                          | ) |                          |
| Debtor                   | ) |                          |
|                          | ) |                          |

### MEMORANDUM OF DECISION

Before the Court for determination are a Motion for Authority to Compromise (the "Motion to Compromise") filed by the Chapter 7 Trustee Gary M. Weiner (the "Trustee") and a Motion to Compel Abandonment (the "Motion to Abandon") filed by the debtor Gail Dupuis (the "Debtor").  Through the Motion to Compromise, the Trustee seeks leave to settle his pending avoidance action against Wells Fargo Bank, N.A. ("Wells Fargo") through which he sought to avoid and preserve for the bankruptcy estate a mortgage granted by the Debtor in favor of Wells Fargo. The Debtor objects to the Motion to Compromise on grounds that the Trustee does not have the power to carry out its terms. The Debtor prefers that the Trustee abandon the subject property instead.

I.    FACTS AND TRAVEL OF THE CASE

The facts of the case are without material dispute, based in large part on an Agreed Statement of Facts filed by the Debtor, the Trustee, and Wells Fargo.

On January 18, 2005, the Debtor purchased a residence in Wales, Massachusetts (the "Residence").  The original deed (the "2005 Deed"), recorded at the Hampden County

1

Registry of Deeds (the "Registry") in Book 14770, Page 374, erroneously referred to the Residence as Parcel 2 on the relevant plan recorded in the Registry in Plan Book 335, Plan 125 (the "Plan").  In fact, the Residence is located on Parcel 1 of the Plan.  On January 20, 2005, the Debtor purchased two undeveloped lots abutting the Residence. These lots were correctly identified in the respective deeds as Parcel 2 and Parcel 3 on the Plan.

In 2007, the Debtor refinanced the mortgage loan on her Residence, granting Wells Fargo a mortgage on the property (the "2007 Mortgage").  At the time of the refinancing, it was the parties' intention that the 2007 Mortgage encumber the Residence (again, Parcel 1) only.  But the 2007 Mortgage referred only to Parcels 2 and 3, and not to Parcel 1.

In October 2011, the Debtor defaulted on the mortgage loan payments to Wells Fargo.  Around the same time, late in 2011, the Debtor first became aware of the erroneous description of the Residence in the original 2005 Deed and that the 2007 Mortgage erroneously encumbered Parcels 2 and 3.  On February 29, 2012, a confirmatory deed was recorded, which provided in relevant part that its purpose was to correct the parcel number which read 'Parcel 2' but should have been 'Parcel 1'.  No analogous correction was made to the 2007 Mortgage.  On March 14, 2012, the Debtor recorded a Declaration of Homestead on the Residence, pursuant to Mass. General Laws ("MGL") ch. 188, § 1 (the "Massachusetts Homestead Statute").

Seven days later, on March 19, 2012, the Debtor filed a petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Bankruptcy Code" or the "Code").[1]

---

[1] See 11 U.S.C. § 101 et seq. All references to statutory sections are to the Bankruptcy Code unless otherwise specified.

2

On Schedule C of her bankruptcy schedules, the Debtor claimed a $130,000 exemption in the Residence pursuant to the Massachusetts Homestead Statute (the "Homestead Exemption"), which amount is identical to that listed as the value of the Residence on Schedules A and D.

On September 13, 2012, the Trustee commenced an adversary proceeding against Wells Fargo[2] seeking avoidance of the 2007 Mortgage pursuant to § 544 and preservation of the mortgage for the benefit of the estate pursuant to § 551. On January 3, 2013, the Debtor filed the Motion to Abandon.[3]

On February 11, 2014, the Trustee filed the Motion to Compromise. The proposed compromise between the bankruptcy estate and Wells Fargo contains the following salient terms: 1) Wells Fargo would pay $10,000 to the Trustee; 2) the adversary proceeding would be dismissed; and 3) the Trustee would execute and deliver to Wells Fargo a new mortgage on the Residence that correctly describes the Residence as located at Parcel 1. Following a hearing on the Trustee's Motion to Compromise and the Debtor's Motion to Abandon, the Court took both matters under advisement.

II.   POSITIONS OF THE PARTIES

In support of the proposed compromise, the Trustee asserts that as a hypothetical bona fide purchaser under § 544(a)(3), he may seek avoidance of the 2007 Mortgage and, consequently, preserve the avoided mortgage for the benefit of the bankruptcy

---

[2] See AP no. 12-03038.

[3] Shortly thereafter, the Debtor filed a Motion to Intervene in the Adversary Proceeding. That motion was denied without prejudice, inasmuch as the Court concluded that the Debtor's interests were sufficiently protected by her ability to object to any proposed resolution between the Trustee and Wells Fargo - precisely what has happened here.

3

estate pursuant to § 551. The Trustee argues that his authority to provide Wells Fargo with a reformed mortgage derives from the fact that, once preserved, the avoided mortgage would constitute property of the estate under § 541(a)(1).[4]

While the Debtor admits that she originally intended to grant a first mortgage on her Residence (Parcel 1) to Wells Fargo, she maintains that the Trustee has no power to reform a prepetition agreement over the objection of a party and therefore, cannot reform the 2007 Mortgage. She believes the adversary proceeding should proceed to trial for the purpose of invalidating Wells Fargo's mortgage on Parcels 2 and 3 for the benefit of estate. She further argues that because she exempted Parcel 1 under the Massachusetts Homestead Statute and no timely objection was made to the exemption, the Residence is of inconsequential value to the estate and should be abandoned to her.

III.     DISCUSSION

A. The Trustee's Avoidance Powers

Section 544(a)(3)[5] grants a trustee in bankruptcy the power to avoid liens that would be unenforceable against a bona fide purchaser for value under applicable non-

---

[4] Wells Fargo joins in the Trustee's defense of the compromise, arguing that the settlement is in the estate's best interest.

[5] Section 544(a)(3) provides, in relevant part:

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

. . . . .

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a

bankruptcy law. Section 550(a)[6] allows the trustee to recover the fruit of such avoidance. Further, under §§ 541(a)(3) and (4),[7] property of the bankruptcy estate includes any interest in property that the Trustee recovers under § 550(a) or preserves for the benefit of the estate under § 551.

It is settled Massachusetts law that where a mortgage is not timely recorded or contains a defective description so as to not give constructive notice of the mortgage to a bona fide purchaser, the mortgage can be avoided by that purchaser of the property. See M.G.L. ch. 183, § 4; Tramontozzi v. D'Amicis, 183 N.E.2d 295, 344 Mass. 514, 517

---

> bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a)(3).

[6] Section 550(a) provides, in relevant part:

> **(a)** [T]o the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property . . . .

11 U.S.C. § 550(a)

[7] Sections 541(a)(3) and (4) provide, in relevant part:

> **(a)** The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
>
> . . . . . .
>
> **(3)** Any interest in property that the trustee recovers under section 329(b), 363(n), 543, 550, 553, or 723 of this title.
>
> **(4)** Any interest in property preserved for the benefit of or ordered transferred to the estate under section 510(c) or 551 of this title.

11 U.S.C. §§ 541(a)(3) and (4).

(1962); <u>Norton v. West</u>, 8 Mass. App. Ct. 348 (1979) citing <u>Lamson & Co., Inc. v. Abrams</u>, 25 N.E.2d 374, 305 Mass. 238 (1940); <u>DeWolfe Co., Inc. v. Presidential Development Corp., Inc.</u>, 2003 WL 1505766 (March 18, 2003). Section 544(a)(3) grants the same right to a bankruptcy estate representative; in Chapter 7 cases, the trustee in bankruptcy. See <u>Riley v. Sullivan (In re Sullivan)</u>, 387 B.R. 353, 357 (1st Cir. BAP 2008) (Trustee could avoid mortgage that was unrecorded at the commencement of the bankruptcy case); <u>Agin v. Mortg. Elec. Registration Sys., Inc. (In re Bower)</u>, 2010 WL 4023396 (Bankr. D. Mass. Oct. 10, 2010) and <u>Agin v. Mortg. Elec. Registration Sys., Inc. (In re Giroux)</u>, 2009 WL 1458173 (Bankr. D. Mass. May 21, 2009) (Trustee could avoid mortgage containing a material defect, e.g. debtor's name was omitted from acknowledgment of mortgage); <u>Miranda v. Pagan (In re Garrido Jiminez)</u>, 370 B.R. 878 (1st Cir. BAP 2007) (An unrecorded deed was not effective against the Trustee as a hypothetical bona fide purchaser under Puerto Rico law and therefore the Trustee had the power to avoid the transfer); <u>Lindquist v. Household Indus. Fin. Co. (In re Vondall)</u>, 364 B.R. 668 (8th Cir. BAP 2007) aff'd, 2008 WL 2264608 (8th Cir. June 4, 2008) (Incorrect description of mortgaged property rendered the mortgage defective as it did not provide notice of the mortgagee's interest to a bona fide purchaser and was therefore avoidable by Chapter 7 Trustee).

Here, the Trustee asserts that the incorrect legal description in the 2007 Mortgage is just the type of error that would allow a bona fide purchaser without notice of the mortgage to avoid its effect under Massachusetts law. Accordingly, the Trustee, standing in the shoes of such a hypothetical purchaser, claims to be able to avoid the mortgage to the same extent. And once avoided, the mortgage can be automatically preserved for

the benefit of the estate under § 551. So far, so good. But the Trustee wishes to go further and actually change the terms of the avoided mortgage. In so doing, the proposed compromise goes too far.

**B. The Compromise**

Pursuant to Bankruptcy Rule 9019, the Court has the authority to approve the compromise of a claim. In evaluating a proposed compromise, the Court must balance the value of the claim being compromised against the value to the estate of accepting the compromise proposal. Jeffrey v. Desmond, 70 F.3d 183, 185 (1st Cir. 1995). The Court should consider: (1) the probability of success in the litigation being compromised; (2) the difficulties to be encountered in the matter of collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay attending it; and (4) the paramount interest of creditors and a proper deference to their reasonable views in the premise. Id. Additionally, deference should be given to the Trustee's judgment regarding the settlement provided that the trustee can demonstrate that the proposed compromise falls within a 'range of reasonableness'. Hill v. Burdick (In re Moorehead Corp.), 208 B.R. 87, 89 (1st Cir. BAP 1997).

But the considerations and deference cited above go to the question of whether a trustee *should* enter into a compromise. They do not reach the question of whether the trustee has the *power* to effect the terms of the compromise. Although the Trustee's status is crafted by federal law, the effect of those rights against other parties claiming a competing interest is determined by applicable state law. Section 544(a) does not give the Trustee any greater rights than he, or any person, would have as a bona fide purchaser or judicial lien creditor under applicable state law. Maine Nat'l Bank v. Morse

(In re Morse), 30 B.R. 52 (1st Cir. BAP 1983). "Preservation is just that. It simply puts the estate in the shoes of the creditor whose lien is avoided." In re Carvell, 222 B.R. 178, 180 (1st Cir. BAP 1998).

A recent First Circuit Court of Appeals case is particularly instructive. In DeGiacomo v. Traverse (In re Traverse), 753 F.3d 19 (1st Cir. 2014), the mortgagee in question failed to properly record its mortgage in accordance with Massachusetts law. The Chapter 7 trustee sought to avoid the mortgage under § 544(a)(3) and preserve it for the benefit of the estate. When the trustee attempted to liquidate the estate's preserved interest through liquidation of the underlying property, the debtor objected on the grounds that the avoidance and preservation of the mortgage for the benefit of the estate pertained to the mortgage only, not to the underlying property. The First Circuit agreed, holding emphatically:

> We affirm today the principle that the preservation of a lien entitles a bankruptcy estate to the full value of the preserved lien—no more and no less. Where this lien is an undefaulted mortgage on otherwise exempted property, the trustee may for the benefit of the estate enjoy the liquid market value of that mortgage, claim the first proceeds from a voluntary sale, or wait to exercise the rights of a mortgagee in the event of a default. But the trustee may not repurpose the mortgage to transform otherwise exempted assets, to which neither the estate nor the original mortgagee boasted any ownership rights, into the property of the bankruptcy estate.

Id. at 31.

It could be argued that, in at least one respect, the case now before this Court is distinguishable from Traverse. In Traverse, the First Circuit described the mortgage there as an "undefaulted mortgage on otherwise exempted property." Here, the 2007 Mortgage is a defaulted mortgage on the *wrong* property. But the principle underlying the Traverse holding applies with equal force to the case at hand – preservation of a mortgage does not grant the trustee a right to unilaterally alter the terms of the mortgage vis-à-vis the

debtor. The Trustee has simply assumed that, employing the authority of the Bankruptcy Code, he has the authority to reform the mortgage. This Court cannot find the source of that authority. Section 544(a)(3) provides a Chapter 7 trustee with the power to avoid the mortgage and § 551 provides a Chapter 7 trustee to employ an avoided mortgage to wring out value for the bankruptcy estate. But nowhere does either Code section provide the Trustee the right to change the terms of an avoided mortgage to make it more marketable for sale or settlement.

The Trustee is also incorrect in his assertion that once the avoided mortgage is property of the Estate under §541(a)(1), he stands in the Debtor's shoes for the purposes of reaching a settlement agreement with Wells Fargo. Under § 544, the Trustee stands in the shoes of either a hypothetical bona fide purchaser or a judgment lien creditor, *not* in the shoes of the Debtor. Upon successful avoidance of the 2007 Mortgage, he would enjoy the rights of Wells Fargo, "no more and no less." Traverse, 753 F.3d at 31. And Wells Fargo could only have reformed the mortgage without the Debtor's consent if (after the Trustee had abandoned the 2007 Mortgage) Wells Fargo sought its reformation in state court.

Disapproval of the proposed settlement does not leave the Trustee bereft of options. For example, he could settle the avoidance dispute with Wells Fargo by accepting a sum for abandoning his interest in the 2007 Mortgage so that Wells Fargo could go into state court to seek its reformation. Or, once the mortgage is avoided and preserved for the benefit of the estate, the Trustee might himself seek its reformation in state court. But what the Trustee cannot do in a Chapter 7 case is use the Bankruptcy

9

Code to change the terms of an avoidable mortgage. Reformation of the 2007 Mortgage is reserved to the parties to that mortgage and/or the state court.

For these reasons, approval of the Compromise in the form offered is not possible. Nor can the Court fashion its own remedy for liquidating the estate's interest in the 2007 Mortgage in lieu of the Trustee's judgment. See In re Central Illinois Energy, L.L.C., 406 B.R. 371 (Bankr. C.D. Ill. 2008) (holding that a bankruptcy court cannot rewrite an agreement and, by doing so, approve terms that differ from those to which the parties agreed; in evaluating a proposed settlement or compromise under Rule 9019, the court must accept or reject the agreement as presented).

### C. Debtor's Motion to Abandon

Section 554(b) provides that "[o]n request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(b). In her Motion to Abandon, the Debtor seeks an order compelling the Trustee to abandon her Residence on grounds that it is of inconsequential value and benefit to the estate because her claimed exemption in the property was never objected to. This argument is easily dispatched.

Under Massachusetts law, "a debtor's homestead exemption is not effective against a mortgagee where the mortgage in question was executed before the debtor recorded a declaration of homestead." In re Swift, 458 B.R. 8, 15 (Bankr. D. Mass. 2012); see also In re Guido, 344 B.R. 193 (Bankr. D. Mass. 2006). Accordingly, to the extent the 2007 Mortgage is avoided but preserved and reformed by the state court for the benefit of the bankruptcy estate, the 2007 Mortgage would supersede the Debtor's

exemption. An order abandoning the Residence would afford the Debtor with the possibility of conveying or encumbering the property, providing the Debtor with a totally undeserved windfall. And at the very least, abandonment at this juncture would confuse and complicate any further proceedings or settlement discussions between the Trustee and Wells Fargo with respect to the 2007 Mortgage. Wells Fargo's current willingness to compensate the estate in order to solve its problems in the drafting of the 2007 Mortgage makes self-evident the value to the estate of preserving the *status quo*.

IV. CONCLUSION

For all of the foregoing reasons, the Court will DENY both the Trustee's Motion to Compromise and the Debtor's Motion to Abandon. Orders in conformity with this Memorandum shall issue forthwith.

DATED: January 8, 2015

By the Court,

_____
Henry J. Boroff
United States Bankruptcy Judge